## JUANITA VASQUEZ ET AL. v. LEHMAN SPIEGELBERG.

DISCRETION, MATTERS OF, NOT REVIEWABLE.—Matters of pure discretion are not reviewable on appeal.

DISCRETION OF COURT AS TO REASONS FOR NOT FILING PAPER.—It is left to the discretion of the court to determine as to the satisfactoriness of the reasons given by a party for not filing the original, or a copy of a paper offered in evidence, as required by law, and its action on that subject is not reviewable on appeal.

GROUNDS OF OBJECTION NOT APPEARING ON RECORD.—If the grounds of an objection to evidence do not appear on the record, on appeal, they can not be considered. *Per* Palen, C. J.

SURPRISE NOT GROUND OF NEW TRIAL, WHEN.—A party is not entitled to a new trial on the ground of surprise, at the introduction of evidence objected to by him, where he does not at the time of its admission ask for a continuance as a condition thereof. *Per* Palen, C. J.

INSTRUCTION ASSUMING FACTS, ERRONEOUS.—An instruction to the effect that if a transaction, whose fairness is one of the questions in issue, had been an honest one, the party alleging it could have proved it, but that no such proof was offered, is erroneous, because it trenches upon the province of the jury, if, in fact, there was any evidence tending to prove the honesty of such transaction.

APPEAL from the district court for Santa Fe county. The facts, so far as material to the points decided, appear from the opinions.

*Benedict and Elkins*, for the appellants.

*T. B. Catron*, for the appellee.

By Court, JOHNSON, J.:

This is an action of ejectment tried at February term, 1869, of the district court for Santa Fe county, in which judgment was entered in favor of defendant in error for possession of the property in his petition described, and forty dollars damages, etc., and brought to this court on appeal by Meyer Kayser, real defendant in the court below.

I deem it sufficient in this case to consider: 1. Whether the admission in evidence by the court below of the execution in *Spiegelberg* v. *Ivers*, and to which admission plaintiffs in error excepted, is reviewable by this court; and, 2. Whether the instructions by the court below properly submitted to the jury the matter in dispute. Revised Statutes, c. 27, secs. 21 and 22, apply to all actions at law triable in the district courts. The first of these sections requires the party wishing to use on the trial instruments of writing, to file the originals or copies of the same; and the latter (sec. 22) says: "If any papers shall be referred to, and the originals or copies not filed as above required, they shall not be used in the trial, unless the party offering them shall give some satisfactory reason why the same were not filed."

The legislature certainly did not intend that either of the parties should judge of the satisfactoriness of the reason why such paper was not filed, as that would render suits interminable, but left the matter to the discretion of the court trying the cause; and matters of pure discretion are not reviewable on appeal.

In my opinion the question to be determined by the jury was not fully presented by the instructions of the court. Ignoring the evidence of Felipe Delgado as to the payment of money, in his presence, by John Robertson to Ivers for

the property in question, they direct the attention of the jury to the fact that a subscribing witness to the deed of Ivers to Robertson did not see Robertson, at the time of signing the deed, pay any money to Ivers, and connecting this fact or "circumstance," with the assumption of the court that, long after the execution of said deed by Ivers to Robertson, Ivers still continued to occupy, use, and manage the property as his own. These facts, if satisfactorily proved, are strong evidence that the sale to Robertson by Ivers was fraudulent.

Then, again, the instructions presented this assumption to the jury: "Had the transaction been an honest and fair transaction, Robertson could have proved if the transaction was an honest one, by some person, that in fact the money was paid by him to Ivers, and that he was in fact in possession of the property claimed as his, but no such proof is produced," which is an encroachment upon the province of the jury to judge the fact; and the tendency of such instructions, as a whole, was suggestive of the verdict expected to be found by the jury.

The judgment of the court below is reversed, at appellee's cost, and new trial granted.

PALEN, C. J., concurring:

The admission of the execution against Ivers was a question addressed to and within the discretion of the district court, and this court can not review the exercise of such discretion. The grounds of the objection to the introduction of the sheriff's deed in evidence, do not appear on the record. The objection can not therefore be considered by this court; for aught that appears, if the grounds of the objection had been stated, it might have been obviated on the trial. The defendants were not entitled to a new trial, on the ground of surprise to the defendants. They should have asked for a continuance of the cause as a condition of such admission. Having failed to apply for a continuance, when the execution was offered in evidence and admitted by the court, it was too late to allege surprise as a ground for a new trial. The question whether either or both the deeds,

under which the defendants claim title to the premises, were fraudulent, was a proper one for the consideration and determination of the jury, and if fairly submitted to the jury by the district court should not disturb their verdict.

It remains to consider, whether the instructions of the court fairly submitted the question of fraud to the jury, or whether they were in any respect calculated to confuse or mislead the jury. A comparison of the instructions of the court with the evidence in the cause shows that the jury may have been misled by the instructions, on several points, but it is unnecessary to consider more than one which could hardly have failed to mislead the jury. The instructions (folio 52 of record) state that had the transaction (between Robinson and Ivers) been an honest and fair one, Robinson could have proved if the transaction was an honest one, by some person; that in fact the money was paid by him to Ivers, and that he was, in fact, in possession of the property, and claimed it as his; but no such proof is produced. This instruction appears to assume that the transaction was fraudulent because no consideration money was paid.

It is true that Knapp, one of the subscribing witnesses to the deed, testified that he saw no money or note paid to Ivers (folio 47); but the instructions entirely ignore the testimony of Felipe Delgado (folios 48, 49), who swore that some eight years ago, he thinks in 1861 or 1862, Robinson had some money on deposit at his (Delgado's) store; that about that time, on a certain day, Robinson came to his store with Ivers, and asked for the money he had on deposit there, stating that he had bought property from Ivers, mentioning the property in question; that he drew the money which he had on deposit, which was over three hundred dollars ($300), and with other money which he had, paid the same to Ivers in his (Delgado's) presence.

This evidence must have been overlooked or forgotten by the district judge when he instructed the jury that no proof was produced that money was paid by Robinson to Ivers on account of the purchase of the premises in question, as there was sufficient proof, if credited by the jury,

to warrant them in finding that a part, at least, if not the whole, of the consideration or purchase money of the premises in question, was paid by Robinson to Ivers.

This plain and palpable error in the instructions given by the district judge to the jury, constrains this court to reverse the judgment of the court below, and grant a new trial.